## GAMMELL *v.* POTTER.

Under the act entitled "An act authorizing mill dams," approved January 24, 1855, certain facts are to be ascertained by the jury; and when ascertained and reported to the court, their finding or verdict must be deemed as conclusive upon the matters submitted to them, as the verdict of a jury in any other case.

Until the verdict of a jury summoned under the act authorizing mill dams is set aside, their ascertainment of damages must be considered conclusive; and if the applicant elects to pay the damages, he is entitled to a license for the erection of the dam, if it is further ascertained by the jury, that no dwelling house, &c., will be overflowed, or injuriously affected by it, and if it further appears to the court that the same is reasonable, and for the public benefit.

In answer to a writ of *scire facias*, issued under the fifth section of the act authorizing mill dams, approved January 24, 1855, requiring the party to appear and show cause, &c., a defendant cannot assign as cause against the granting of the license to erect a dam, matters legitimately involved in the question of damages submitted to the jury, and pertinent only on an application to set aside the finding of the jury, and award a new inquiry of damages.

In answer to a writ of *scire facias*, the defendant may allege and prove, as sufficient cause why a license for the erection of a mill dam should not be granted by the court, facts which tend to show that the same would be unreasonable, or that the dam, if built, would not be for the public benefit.

In proceedings under the act entitled "An act authorizing mill dams," approved January 24, 1855, matters that are intended to show improper interference by the plaintiff with the jury, and mistake or misconduct on the part of the jury themselves, in ascertaining the damages, do not amount to the sufficient cause contemplated by section five of the statute, why leave should not be granted to build the dam, but come more properly before the court, on an application to set aside the inquisition, and award a new writ of *ad quod damnum*.

The statute authorizing mill dams, approved January 24, 1855, has made provision for compensating a party in money, for all loss, trouble or inconvenience resulting to him from the erection of a mill dam; and if his damages have not been properly assessed by the jury, he must either make the objection on an application to the court to set aside the verdict and award a new inquiry, or he must rely for redress on that provision of the statute, which reserves to him his right of action against the applicant, for any loss or damage to him from the dam, not actually forseen by the jury, and estimated by them on the inquest.

*Appeal from the Jackson District Court.*

FRIDAY, OCTOBER 15.

This cause was before this court at a former term, on appeal from the judgment of the district court dismissing the petition, and quashing the writ of *ad quod damnum*, and all the proceedings under it.   See 2 Iowa, 562.

On the return of the cause to the district court, the defendant filed a demurrer to the petition, which was overruled.   He then, in answer to a writ of *scire facias*, assigned certain matters as cause why leave should not be granted for the erection of the dam.   These matters he asked leave to prove and show to the court; and if proved true, he prayed that the inquisition of the jury might be set aside, and the license asked refused.   To this assignment, and to the leave asked by defendant to prove the same to the court, the plaintiff demurred.   The district court overruled the demurrer, and plaintiff appeals.

*D. F. Spurr,* for the appellant.

*John B. Booth,* for the appellee.

STOCKTON, J.—The question for our decision is, whether the demurrer was rightly overruled.   Under the statute, the jury are to assess the damages of each proprietor to be affected by the erection of the dam, and are to ascertain and report whether any dwelling-house, out-house, orchard or garden will be overflowed or otherwise injuriously affected by it.   On the return of the inquisition, a writ of *scire facias* issues to the parties interested, to appear and show cause why leave shall not be granted to build the dam ; and if it appears to the court that no dwelling-house, out-house, orchard or garden, will be overflowed, or injuriously affected, and if the court shall judge it reasonable, and for the public benefit, license shall be granted for the

erection of the dam, on the applicant paying the damages assessed by the jury and decreed by the court.    Act of January 24th, 1855; Session Acts, Ch. 92.

The question at once arises, what matters may be shown as cause against the granting of the license; and whether the matters alleged by the present defendant may be shown; and whether, if proved, they amount to sufficient cause against the erection of the dam, within the true intent and meaning of the act.  If it appears to the court from the inquisition of the jury, that the dwelling, out-house, orchard or garden of any proprietor will be over-flowed, or injuriously affected by the dam, the license for its erection must be refused.  All questions in relation to the same, are to be decided by the jury.  The court is, however, further to determine, whether it is reasonable and for the benefit of the public, that the dam shall be erected; if not so determined, the license is to be refused.  Certain facts are to be ascertained by the jury; and when ascertained and reported to the court, their finding or verdict, must be deemed as conclusive upon the matters submitted to them, as the verdict of a jury in any other case.  As the jury are not, however, required to report whether the granting of the license would be reasonable, nor whether the erection of the dam would be for the benefit of the public, the court must, in some method, inquire and ascertain these facts for itself.

We see nothing improper or inappropriate in permitting a defendant, in answer to a writ of *scire facias*, to allege and prove as sufficient cause why a license should not be granted by the court, facts which tend to show that the same would be unreasonable, or that the dam, if built, would not be for the public benefit.  He cannot, however, assign as cause against the granting of the license, matters legitimately involved in the question of damages submit-ted to the jury, and pertinent only on application to set aside the finding of the jury, and award a new inquiry of damages.  Until set aside, their ascertainment of damages must be considered conclusive; and if the applicant elects

to pay the damages, he is entitled to a license for the erection of the dam, if it is further ascertained by the jury, that no dwelling-house, &c., will be overflowed, or injuriously affected by it, and if it further appears to the court that the same is reasonable, and for the public benefit.

The defendant assigned as cause why the license ought not to be granted :

I. That the jury were directed by the plaintiff as to the location and elevation of the dam, and as to the quantity of land proposed to be overflowed by it.

II. That the jury did not take the level of the stream, nor cause a survey of the land that would be overflowed by it.

III. That the erection of the dam will cause to be flooded a greater quantity of land than is proposed by the plaintiff in his petition; to-wit, forty acres, instead of twenty.

IV. That it will cause to be overflowed a part of the orchard of the defendant; that the water will be brought within one foot of the door of his stable; and that it will destroy defendant's spring of water, being the only one to which he has access for the use of his family.

V. That defendant will be compelled to build a bridge twenty-five rods long, in order to have access to his land not flooded, and used by him for farming purposes, and to remove seventy rods of standing fence.

The matters alleged under the first and second heads, as they are intended to show improper interference by the plaintiff with the jury, and mistake or misconduct on the part of the jury themselves, in ascertaining the damages, would come more appropriately before the court, on an application to set aside the inquisition and award a new writ of *ad quod damnum.* They do not amount to the sufficient cause contemplated by the statute, why leave should not be granted to build the dam. At this stage of the cause, the court was bound to consider them, in reference to the verdict of the jury, *omnia vite esso acta.*

In reference to the remaining objections, we must say

that we think the law has made provision for compensating the party in money for all loss, trouble or inconvenience resulting to him from the building of the dam ; for these, his damages are to be assessed by the jury. If the jury have estimated for only twenty acres of land, when the defendant can show that forty acres will be overflowed; if his out-houses and orchard will be injuriously affected by the dam, and the jury have ascertained and reported that they will not be overflowed or affected by it; if the jury have not estimated for the loss and inconvenience to result from building bridges and removing fences, the defendant must either make these objections on an application to the court to set aside the verdict and award a new inquiry, or he must rely for his redress on that provision of the statute which reserves to him his right of action against the applicant, for any loss or damage resulting to him from the dam, not actually foreseen by the jury, and estimated by them on the inquest.   Section 8, 153.

In answer to the rule upon him to show cause why leave shall not be granted to build the dam, the defendant cannot for cause, assign matters which must be considered estimated for, and settled by the verdict of the jury. To adopt such a practice, would be to re-open for litigation before the court, questions intended to be disposed of by the inquisition.   As the matters alleged by the defendant against the granting of the license to build the dam, do not, in our opinion, amount to the cause required by the statute to be shown against it, the demurrer interposed by plaintiff should have been sustained by the court, and the answer of defendant to the *scire facias* quashed.   The judgment will therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.